ETHEL DUNBADEN ET AL. v. CASTLES ICE CREAM COM-
PANY ET AL.

CLARA PAQUIN, BY NEXT FRIEND, v. CASTLES ICE
CREAM COMPANY ET AL.

Argued October term, 1926—Decided December 30, 1926.

**Negligence—Injury Through Motor Vehicle Collision—Only Ques-
tion was One of Excessive Damages Awarded Plaintiff—
Held, Considering the Permanent Scar, the Award was Not
Excessive.**

On rules to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD
and MINTURN.

For the rule, *Kellogg & Chance.*

*Contra, Frank W. Heilenday.*

PER CURIAM.

A car belonging to the Castles Ice Cream Company was
being driven by the defendant Grundman in a northerly
direction on St. George avenue, in the city of Rahway. Be-
hind this car, and proceeding in the same direction, was a
Ford sedan, in which the plaintiffs were proceeding. Travel-
ing in the opposite direction was another car belonging to
the defendant Newman. As frequently happens in such
situations, these cars came together, and as a result of the
collision each of the plaintiffs were injured. The jury awarded
the plaintiffs Ethel Dunbaden, $650; Alva Dunbaden, her
husband, $500, and Clara Paquin, $2,500.

The rules to show cause, for some reason not apparent, re-
served all exceptions, and the only contention made before us
is that the verdict in the Clara Paquin case was excessive.
She had a bad cut on her right eye, which had to be sewed

up, and which has left a scar, more or less disfiguring.   One of her hands was cut and had to be bandaged for some weeks. She was bruised on her left side and suffered pain therefrom for about two months.   Her nose was cut and she was confined to her bed for about ten days.   She had to remain away from work for two weeks, and the next five weeks she went to the office with her face and hand bandaged.   Considering the fact that she was an attractive young woman, and that the scar over her eye will result in a permanent disfigurement, it cannot be said that the verdict is unreasonable.   *Lloyd* v. *Breslin, 3 N. J. Mis. R.* 507.

The amounts of the other verdicts are not criticised, and we think, therefore, the rules should be discharged.